**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID ROYCE PRATT,

Petitioner-Appellant,

v.

MIKE NELSON, Warden;
ATTORNEY GENERAL OF
KANSAS,

Respondents-Appellees.

No. 03-3130
(D.C. No. 99-CV-3321-SAC)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

David Royce Pratt appeals from the denial of his habeas corpus petition brought under 28 U.S.C. § 2254. Mr. Pratt was convicted after a bench trial of two counts of aggravated burglary, aggravated criminal sodomy, rape, attempted rape, two counts of aggravated kidnaping, two counts of aggravated robbery, and two counts of aggravated battery arising from two separate crime sprees. He was sentenced to two consecutive life sentences for the aggravated kidnapings as well as to several concurrent sentences for the remaining convictions. The Kansas Supreme Court affirmed his convictions and sentences on direct appeal. Subsequently, the Kansas Court of Appeals also affirmed the denial of his state application for post-conviction relief, and the Kansas Supreme Court denied review. Having exhausted his state-court remedies, Mr. Pratt then filed a petition for a writ of habeas corpus in the United States District Court for the District of Kansas. The court did not conduct an evidentiary hearing, basing its decision solely on the state-court record.

Following the district court's denial of his habeas petition, Mr. Pratt filed the instant appeal in this court. We granted a certificate of appealability (COA) on the issue of whether Mr. Pratt had received constitutionally ineffective assistance of trial and appellate counsel. With respect to these issues, Mr. Pratt claims that (1) counsel failed to seek suppression of Mr. Pratt's custodial statement; (2) counsel failed to request a jury trial or to adequately explain the

right to a jury trial to him; (3) counsel failed to seek suppression of DNA and other evidence; and (4) appellate counsel failed to argue these issues and others on direct appeal.  In its memorandum and order denying relief, the district court applied 28 U.S.C. § 2254(d)(1) and (2) in its review of the state court's rulings. We agree with the district court's conclusions and AFFIRM the denial of Mr. Pratt's habeas petition.

Entered for the Court


Mary Beck Briscoe
Circuit Judge